IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICK D. LANGE, as Chapter 7 Trustee of the Bankruptcy Estate of TierOne Corporation, | ) ) ) ) | 4:12CV3148 |
| Plaintiff, | ) ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| CHARLES W. HOSKINS; CAMPBELL R. MCCONNELL; GILBERT G. LUNDSTROM; EUGENE B. WITKOWICZ; JAMES A. LAPHEN; and KPMG LLP, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

In a memorandum and order entered on November 20, 2012 (filing 65), Magistrate Judge Cheryl R. Zwart granted a motion to intervene filed by the Federal Deposit Insurance Corporation, as receiver for TierOne Bank. Judge Zwart held the FDIC was entitled to intervene in the action under Federal Rule of Civil Procedure 24(a)(2) ("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."), or at least should be permitted to intervene under Federal Rule of Civil Procedure 24(b) ("On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.").

The plaintiff, Rick D. Lange, as Chapter 7 Trustee of the Bankruptcy Estate of TierOne Corporation, which was the parent corporation and sole shareholder of TierOne Bank, filed a statement of objections on December 4, 2012 (filing 69), together with a supporting brief (filing 70).[1] The FDIC has since filed in a brief in opposition to the Trustee's objections (filing 76), as have the individual defendants, Charles W. Hoskins, Campbell R. McConnell, Gilbert G. Lundstrom, Eugene B. Witkowicz, and James A. Laphen (filing 75), all of whom evidently served as officers and directors of both TierOne Corporation and TierOne Bank. A sixth defendant, KPMG, LLP, which acted as an outside auditor for TierOne Corporation, has not responded to the statement of objections.

Judge Zwart's order granting the motion to intervene is subject to review pursuant to 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."), Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."), and NECivR 72.2 (specifying procedure). With the exception of certain misstatements of fact that do not affect the legal analysis, I find the order is not clearly erroneous. Nor is it contrary to law.

The Trustee first "objects to the Magistrate Judge's repeated references in the Memorandum and Order to TierOne Bank purportedly filing for bankruptcy" (filing 69 at CM/ECF p. 2, ¶ 3). Judge Zwart stated, for example, that the case "involves the bankruptcies of TierOne Bank . . . and its holding company TierOne Corporation" (filing 65 at CM/ECF p. 1), that "TierOne Bank . . . became insolvent and filed for bankruptcy" (filing 65 at CM/ECF p. 2), and that the FDIC is "the trustee of TierOne

---

[1] The Trustee's statement of objections includes a request for oral argument (filing 69 at CM/ECF pp. 3-4, ¶ 7). This request will be denied because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

Bank's bankruptcy estate" (filing 65 at CM/ECF p. 15).  The FDIC agrees these statements are incorrect.

It appears the FDIC actually was named receiver after TierOne Bank was closed administratively by the Office of Thrift Supervision.  In it capacity as receiver, the FDIC succeeded to "all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder . . . of such institution with respect to the institution and the assets of the institution[.]" 12 U.S.C. § 1821(d)(2)(A)(i).  This statutory provision was cited by Judge Zwart in her memorandum opinion and was relied upon in finding that the FDIC has an interest in the litigation (filing 65 at CM/ECF p. 5).  Thus, even though it was incorrectly stated that TierOne Bank filed for bankruptcy, the source of the FDIC's authority was correctly identified.  The factual misstatements regarding TierOne Bank's purported bankruptcy were not material.

The Trustee's second objection concerns the ruling that the FDIC is entitled to intervene as a matter of right under Rule 24(a)(2) (filing 69 at CM/ECF p. 2, ¶ 2).  Judge Zwart found that although the Trustee's claims allegedly are brought against the individual defendants only in their capacities as officers and directors of TierOne Corporation, at least some of the claims concern actions taken by the defendants in their capacities as officers and directors of TierOne Bank. Concluding that such claims are derivative in nature under Nebraska law, Judge Zwart found that the FDIC, as TierOne Bank's receiver, has a protectable interest in the claims that may be impaired by the Trustee's action brought on behalf of TierOne Corporation.  I find no fault with this analysis, which is well-supported by legal authority.[2]

---

[2] I note that one of the cases cited by Judge Zwart, *Vieria v. Anderson*, No. 2:11-CV-0055-DCN, 2011 WL 3794234 (D.S.C. Aug. 25, 2011), was recently affirmed in relevant part by the Fourth Circuit Court of Appeals.  *See In re Beach First Nat'l Bankshares, Inc.*, 702 F.3d 772, 779-80 (4th Cir. 2012) (alleged breach of duty that directors of bank's holding company owed to holding company by appointing unqualified directors to bank's board was not direct claim of holding company against directors, but, rather, was derivative claim that trustee in bankruptcy of failed bank's holding company lacked standing in adversary proceeding to raise

Third, the Trustee objects to the alternative ruling that the FDIC should be permitted to intervene under Rule 24(b) (filing 69 at CM/ECF p. 2, ¶ 3). In support of this objection, the Trustee simply reargues that the FDIC has no interest in the litigation. Again, I find no error with the Magistrate Judge's ruling.

Fourth, the Trustee "objects to the Magistrate Judge's order that the FDIC shall file its proposed claim for declaratory relief on or before December 3, 2012" (filing 69 at CM/ECF p. 2, ¶ 4). Noting that the FDIC complied with this order by filing a complaint for declaratory judgment on November 28, 2012, the Trustee requests that the FDIC's pleading be stricken in the event that the FDIC's motion to intervene is denied upon review of the Magistrate Judge's order. Because the Trustee's objections to Judge Zwart's rulings on the motion to intervene will be denied, the request to strike the FDIC's pleading will also be denied.[3]

Fifth, and finally, the Trustee "objects to the Magistrate Judge's order that the FDIC file a response to Defendant KPMG, LLP's Motion to Compel Arbitration and Dismiss Plaintiff's First Amended Complaint (Doc. 42) on or before December 10, 2012, and the Magistrate Judge's corresponding order that any reply shall be filed by December 20, 2012" (filing 69 at CM/ECF p. 3, ¶ 5). The Trustee contends the FDIC has no interest in the claims that are alleged against KPMG. This contention may be valid. The issue need to be decided, however, since the FDIC responded to KPMG's

---

because claim was within ambit of FDIC through Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(d)(2)(A)(i); alleged failure of directors of bank's holding company to ensure bank submitted capital restoration plan that complied with requirements of Office of Comptroller of Currency (OCC), which resulted in OCC closing bank, was derivative claim of harm at bank level that trustee in bankruptcy of failed bank's holding company lacked standing in adversary proceeding to bring, since causal connection was lacking between act of making guaranty to damages unique to holding company).

[3] In an order entered on December 6, 2012, Judge Zwart stayed the Trustee's response deadline to the FDIC's complaint for declaratory relief until further order of the court (filing 74 at CM/ECF p. 2). That stay will now be lifted.

-4-

motion on December 6, 2012, by stating that it "takes no position" either on the motion or on the Trustee's claims against KPMG (filing 72 at CM/ECF p. 2, ¶ 2). The FDIC's response effectively moots the Trustee's objection.[4]

Accordingly,

IT IS ORDERED:

1. Plaintiff's statement of objections (filing 69) is denied except to the extent noted in the foregoing memorandum. Plaintiff's request for oral argument is denied.

2. The Magistrate Judge's order entered November 20, 2012 (filing 65), is sustained and shall not be disturbed.

3. Plaintiff shall respond to the FDIC's complaint for declaratory judgment (filing 68) within 14 days.

February 15, 2013.              BY THE COURT:

                                *Richard G. Kopf*
                                Senior United States District Judge

---

[4] On December 6, 2012, Judge Zwart also denied as moot a motion to stay the deadline for replying to the FDIC's response (filing 74 at CM/ECF pp. 2-3).

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.