IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICK D. LANGE, as Chapter 7 Trustee of the Bankruptcy Estate of TierOne Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for TierOne Bank,<br><br>        Intervenor,<br><br>    v.<br><br>CHARLES W. HOSKINS;<br>CAMPBELL R. MCCONNELL;<br>GILBERT G. LUNDSTROM;<br>EUGENE B. WITKOWICZ;<br>JAMES A. LAPHEN; and<br>KPMG LLP,<br><br>        Defendants. | 4:12CV3148<br><br>MEMORANDUM<br>AND ORDER |

     This matter is before the court on the findings, recommendation, and order filed by Magistrate Judge Cheryl R. Zwart on March 5, 2013 (Filing No. 79), and on a statement of objections filed by Plaintiff, Rick D. Lange, as Chapter 7 Trustee of the Bankruptcy Estate of TierOne Corporation, on March 19, 2013 (Filing No. 81).  For the reasons discussed below, the district court at this time will not act on these filings, or rule on any pending motions, but instead will refer the case to the United States Bankruptcy Court for the District of Nebraska for further action.

## *I. Procedural Background*

This action was filed in the District Court of Lancaster County, Nebraska, on June 22, 2012. The complaint contains six counts: (1) a claim for breach of fiduciary duty alleged against Charles Hoskins and Campbell McConnell, who served as directors of TierOne Corporation; (2) a claim for breach of fiduciary duty alleged against Gilbert Lundstrom, James Laphen, and Eugene Witkowicz, who served as officers and directors of TierOne Corporation; (3) a claim for "corporate waste" alleged against the five individual defendants identified above; (4) a claim for professional negligence alleged against KPMG, which was retained as an outside auditor for TierOne Corporation; (5) a claim for breach of contract alleged against KPMG; and (6) a claim alleged against KPMG for aiding and abetting the individual defendants' alleged breaches of fiduciary duty.

On July 23, 2012, the five individual defendants caused the action to be removed to this court under authority of 28 U.S.C. § 1334(b), contending it is related to TierOne Corporation's Chapter 7 bankruptcy proceeding, which is docketed as Case No. 4:10-bk-41974 in the United States Bankruptcy Court for the District of Nebraska. The notice of removal (Filing No. 1) also indicates that the individual defendants filed proofs of claim for indemnification, and that separate adversary proceedings brought by the trustee for disallowance or subordination of those claims are pending in the bankruptcy court (as Case Nos. 4:12-ap-04058, 4:12-ap-04059, 4:12-ap-04060, 4:12-ap-04061, and 4:12-ap-04062). Further, it appears that another TierOne shareholder derivative action which was filed in the District Court of Lancaster County, Nebraska, on May 28, 2010, was removed to federal district court on May 28, 2010 (Case No. 4:10-cv-03104), and then transferred to the bankruptcy court on July 8, 2010 (Case No. 4:10-ap-4065), where it was stayed.

On July 25, 2012, KPMG filed a motion to compel arbitration of the claims against KPMG and to dismiss the action against KPMG or, in the alternative, to stay the action pending the completion of arbitration (Filing No. 5). An amended motion

was filed on July 30, 2012 (Filing No. 13). In a position statement filed on August 6, 2012 (Filing No. 17), KPMG indicated that a motion to compel arbitration had been filed in state court prior to removal of the action to federal court, and that it was taking no position on the removal.

On August 15, 2012, Plaintiff filed an amended complaint (Filing No. 23) while purportedly reserving the right to seek a remand of the action to state court.[1] On August 21, 2012, Plaintiff filed a motion to remand (Filing No. 30).

On August 31, 2012, KPMG filed another motion to compel arbitration and to dismiss or stay (Filing No. 42). This apparently was done in response to Plaintiff's amended pleading.

Also on August 31, 2012, the Federal Deposit Insurance Corporation, as receiver for TierOne Bank (a subsidiary of TierOne Corporation),[2] filed a motion to intervene in the action (Filing No. 39). Attached to the motion was a proposed complaint for declaratory judgment in which the FDIC alleges that it owns the claims which are being asserted by Plaintiff against the five individual defendants.

On November 20, 2012, Judge Zwart entered an order (Filing No. 65) granting the FDIC's motion to intervene. The FDIC's complaint in intervention was filed on November 28, 2012 (Filing No. 68).

On December 4, 2012, Plaintiff filed a statement of objections to Judge Zwart's order (Filing No. 69). The undersigned district judge overruled the objections and sustained the order on February 15, 2012 (Filing No. 77).

---

[1] A replacement amended complaint was filed on August 21, 2012 (Filing No. 28) because the original filing had a page missing.

[2] It appears the FDIC was named receiver after TierOne Bank was closed administratively by the Office of Thrift Supervision.

## *II. Magistrate Judge's Recommendation*

In Filing No. 79, entered on March 5, 2012, Judge Zwart has recommended that:

    1) Defendant [KPMG]'s Motion to Compel Arbitration and Dismiss Plaintiff's First Amended Complaint, (Filing No. 42), should be granted in part and denied in part as follows:

        a. The Defendant KPMG's Motion to Compel Arbitration should be granted, and this case should be stayed as to all of Plaintiff's claims against defendant KPMG;

        b. Defendant KPMG's Motion to Dismiss should be denied.

    2) Defendant [KPMG]'s previously filed Motions to Compel Arbitration, (Filing Nos. 5 & 13) should be denied as moot.

    3) Plaintiff's Motion to Remand, (Filing No. 30), should be denied.

## *III. Plaintiff's Objections*

Plaintiff objects to the recommendation, and associated findings, that KPMG's motion to compel arbitration be granted,[3] and also objects to the recommendation that Plaintiff's motion to remand be denied. Among other arguments, Plaintiff contends the district court lacks jurisdiction over the FDIC's complaint in intervention because the FDIC did not obtain leave to sue from the bankruptcy court, as allegedly required

---

[3] In addition, Plaintiff objects to the denial of his requests for oral argument and an evidentiary hearing regarding the motion to compel arbitration.

by the *Barton* doctrine,[4] and because the complaint in intervention raises a core bankruptcy issue. These arguments are made in response to a statement by Judge Zwart that "[t]he FDIC's appointment as a receiver conferred instant subject matter jurisdiction over the case. *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1009 n. 2 (8th Cir. 2005)(quoting *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 426 (5th Cir. 2002))." (Filing No. 79 at CM/ECF p. 9 (internal quotations omitted).)[5]

### IV. *Referral to Bankruptcy Court*

By local rule, all proceedings related to a case brought under Title 11 of the United States Code (*i.e.*, the Bankruptcy Code) are referred to the bankruptcy court of this district under 28 U.S.C. § 157. *See* NEGenR 1.5(a).[6] Ordinarily, the reference may be withdrawn only following the issuance of a report and recommendation by the bankruptcy judge. *See* NEGenR 1.5(a)(1) and (b).

---

[4] *See Barton v. Barbour*, 104 U.S. 126 (1881) (holding that court-appointed receiver cannot be sued without leave of court). Although Plaintiff did not make this jurisdictional argument when objecting to Judge Zwart's recommendation that the FDIC's motion to intervene be granted, it is well-established that the parties may not create jurisdiction by waiver or consent, *Williams v. County of Dakota*, 687 F.3d 1064, 1067 (8th Cir. 2012), and an issue of subject matter jurisdiction may be raised at any time, including *sua sponte* by the court, *American Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 359 (8th Cir. 2013).

[5] In support of the motion to remand, Plaintiff argued that the district court must abstain under 28 U.S.C. § 1334(c)(2), should abstain as a matter of discretion under 28 U.S.C. § 1334(c)(1), or should remand as a matter of equity under 28 U.S.C. § 1452(b). Judge Zwart did not examine these arguments, but simply held that "[t]he court unquestionably has subject matter over this dispute and the plaintiff's motion to remand should be denied." (Filing No. 79 at CM/ECF p. 9.)

[6] Indeed, the notice of removal stated that "[f]ollowing removal, if not done so automatically, this Court should refer the above-captioned action to the Bankruptcy Court in accordance with United States District Court for the District of Nebraska General Rule 1.5(a)." (Filing No. 1 at CM/ECF p. 5.)

In accordance with our local rule, and especially in light of the jurisdictional issues raised by Plaintiff, the court finds and concludes that the case should be referred to the bankruptcy court for further action. Accordingly, on the court's own motion, and without expressing any opinion on the merits of Judge Zwart's findings and recommendations or of Plaintiff's objections,

IT IS ORDERED:

1. This case is referred to the United States Bankruptcy Court for the District of Nebraska;

2. This case shall be terminated for statistical purposes by the Clerk of the United States District Court for the District of Nebraska; and

3. The Clerk of the United States District Court for the District of Nebraska shall deliver the court file to the Clerk of the Bankruptcy Court for the District of Nebraska.

March 28, 2013.                    BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.