IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| TIERONE CORPORATION, ) | |
| ) | CASE NO. BK10-41974-TLS |
| Debtor. ) | |
| RICK D. LANGE, Chapter 7 Trustee of the ) | A13-4017-TLS |
| Bankruptcy Estate of TierOne Corporation, ) | |
| ) | 4:12CV3148 |
| Plaintiff, ) | |
| ) | |
| vs. ) | CHAPTER 7 |
| ) | |
| FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION, as Receiver for ) | |
| TierOne Bank, ) | |
| ) | |
| Intervenor, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHARLES W. HOSKINS; CAMPBELL R. ) | |
| MCCONNELL; GILBERT G. LUNDSTROM; ) | |
| EUGENE B. WITKOWICZ; JAMES A. ) | |
| LAPHEN; and KPMG LLP, ) | |
| ) | |
| Defendants. ) | |

ORDER
REPORT and RECOMMENDATION

This matter is before the court on the motion for summary judgment by the Federal Deposit Insurance Corporation in its capacity as receiver of TierOne Bank ("FDIC-R") (Fil. No. 12) and objection by the Chapter 7 trustee (Fil. No. 30). James J. Niemeier, James J. Frost, Mark F. Enenbach, David Mullin, Robert R. Bell and Richard Biggs represent the FDIC-R. Richard R. Thomas, Stephen C. Biggs, and Joel A. Bacon represent the Chapter 7 trustee. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The procedural posture of this motion is somewhat unusual, so it has not been treated as a dispositive motion as summary judgments usually are. The matter is before this court solely on the legal issue of which party has standing to prosecute the claims against the defendants; nothing contained in this order is intended to be or should be construed as a finding as to the validity of any

of the substantive claims made. On that basis and in that context, the FDIC-R's motion for summary judgment – treated in essence as a motion for declaratory judgment – is deferred, and the case will be sent back to district court.

## *BACKGROUND*

TierOne Corporation filed a voluntary Chapter 7 bankruptcy petition in June 2010. Rick D. Lange was appointed as trustee of the bankruptcy estate. The trustee's actions included filing lawsuits against corporate directors and officers for their alleged mismanagement with respect to the corporation. One of those lawsuits was filed in the District Court of Lancaster County, Nebraska, in June 2012 alleging breaches of fiduciary duty by certain officers and directors and negligence and breach of contract by TierOne's former outside auditor. The individual defendants removed the case to federal district court on the basis of its connection to the bankruptcy case. The federal district court allowed FDIC-R to intervene in the case to protect its interest in the litigation. The FDIC-R's complaint in intervention seeks a declaratory judgment concerning the ownership of some of the causes of action asserted by the trustee. It asserts that, as TierOne Bank's receiver, it holds the causes of action for gross negligence and breach of fiduciary duty against the former directors and officers of the bank and that the bankruptcy trustee's pursuit of those claims is based only on the derivative standing of the corporate debtor as a shareholder of the bank.

In the meantime, the trustee filed a motion to remand the case to state court and defendant KPMG filed a motion to compel arbitration or dismiss the case. Magistrate Judge Zwart issued findings and recommendations that (i) KPMG's motion to compel arbitration be granted; (ii) KPMG's motion to dismiss be denied; and (iii) trustee's motion to remand to state court be denied. The trustee objected to the recommendations, asserting in part that the district court lacked jurisdiction over the FDIC-R complaint in intervention because the FDIC-R did not first obtain leave to sue the trustee as required by the *Barton* doctrine and because the complaint raises a core bankruptcy issue.

Upon consideration of Judge Zwart's findings and recommendations and the objection by the trustee, the district court first noted that the trustee's jurisdictional arguments actually pertained to the motion to intervene which had already been granted, but that an issue of subject matter jurisdiction may be raised at any time. *American Family Mut. Ins. Co. v. Hollander,* 705 F. 3d 339, 359 (8th Cir. 2013). Next, the district court determined that the case should be referred to this court due to United States District Court for the District of Nebraska General Rule 1.5(a)[1] and the jurisdictional issues.

After referral from the district court, this court issued an order indicating that it appeared there were no material facts in dispute and that the issues raised by the FDIC-R's complaint could

---

[1] NEGenR 1.5(a) provides in part that upon notification that a party to a civil case is a debtor in a bankruptcy case, the entire civil case is referred to the bankruptcy court in this district. It further provides that the bankruptcy judge should ultimately determine whether the case should proceed in bankruptcy court or be returned to the district court.

-2-

be resolved in summary fashion. The FDIC-R then filed a motion for summary judgment to which the trustee has filed a response. Upon consideration of the submissions by the parties, it seems clear that summary judgment is not appropriate at this stage since factual issues exist as to whether the trustee's causes of action are direct or derivative. In any event, that is an issue best left to the district court as discussed below.

## *DISCUSSION*

This case was referred to this court because the district court's local rule required it and because jurisdictional issues were raised by the parties. Addressing the local rule first, NEGenR 1.5(a) requires reference of the case if a party is a debtor in bankruptcy. Here, the plaintiff is the trustee of the debtor's bankruptcy estate. This is not a situation where the automatic bankruptcy stay would prevent further litigation involving the bankrupt debtor. Instead, this litigation was commenced by the trustee in bankruptcy in an effort to recover funds for the benefit of the bankruptcy estate. Thus, the automatic stay does not prevent the commencement or the continuation of this litigation in its present form.

This case was also referred to this court because it involved a core bankruptcy issue and the trustee questioned the district court's jurisdiction. The trustee asserts that the dispute between the FDIC-R and the trustee over ownership of the causes of action raises a core bankruptcy issue pursuant to 28 U.S.C. § 157(b), and that the bankruptcy court has exclusive jurisdiction over that issue until such time as the district court withdraws the reference. Of course, if the district court withdraws the reference, this argument becomes moot.

The trustee's primary jurisdictional argument is that the district court lacks subject matter jurisdiction based on the *Barton* doctrine which derives from *Barton v. Barbour*, 104 U.S. 126 (1881), and provides that a receiver or bankruptcy trustee "shall not be liable to suit unless leave is first obtained of the court by which he was appointed." *Id.* at 136. A lawsuit filed without leave

> is virtually a suit the purpose of which is, and effect of which may be, to take the property of the trust from [the receiver's] hands and apply it to the payment of the plaintiff's claim, without regard to the rights of other creditors or the orders of the court which is administering the trust property.

*Id.* at 129.

"The *Barton* doctrine exists to ensure other courts do not intervene in the bankruptcy court's administration of an estate without permission." *Satterfield v. Malloy*, 700 F.3d 1231, 1237 (10th Cir. 2012). As the Supreme Court noted,

> [I]n cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy

-3-

>   proceedings, they become cases over which the bankruptcy court, which acts as a
>   court of equity, exercises exclusive control.

*Barton*, 104 U.S. at 134.

The FDIC-R did not obtain permission from the bankruptcy court to intervene in this lawsuit. The FDIC-R is concerned that any recovery collected by the trustee would be distributed to creditors of the debtor rather than to creditors of the bank. In granting the FDIC-R's motion to intervene, the magistrate judge agreed that "many of the allegations relate specifically to the failure of the TierOne Bank and are not direct actions the TierOne Holding Company can bring against its officers and directors" but left for another day the ultimate determination of which claims belong to the FDIC-R. Mem. & Order of Nov. 20, 2012, at 11 (Fil. No. 65 in Case No. 4:12CV3148).

It is not at all clear that the *Barton* doctrine applies here. Most cases involving *Barton* deal with efforts to impose personal liability on the trustee for malfeasance in the conduct of his official duties. Here, the complaint in intervention concerns the valid dispute between two competing entities – both acting under federal statutory authority – over which entity holds the right to pursue various causes of action against the officers and directors of the bank and the holding company. It is not a property grab by the FDIC-R, particularly as to those causes of action the trustee has no authority to assert. Accordingly, it is unlikely that the FDIC-R needed permission from this court to become involved in the lawsuit. However, to the extent *Barton* applies in this instance, I hereby grant the FDIC-R leave retroactively to file its complaint in intervention.

Having addressed the jurisdictional reasons for the district court's referral of this case to this court, NEGenR 1.5(a) requires a determination of whether the case should proceed in bankruptcy court or be returned to the district court. The trustee's complaint and first amended complaint allege a claim for breach of fiduciary duty by Charles Hoskins and Campbell McConnell, who served as directors of TierOne Corporation; a claim for breach of fiduciary duty by Gilbert Lundstrom, James Laphen, and Eugene Witkowicz, who served as officers and directors of TierOne Corporation; a claim for "corporate waste" by the individual defendants identified above; a claim for professional negligence by KPMG, which was retained as an outside auditor for TierOne Corporation; a claim for breach of contract by KPMG; and a claim against KPMG for aiding and abetting the individual defendants' alleged breaches of fiduciary duty.

In its complaint in intervention, the FDIC-R asserts ownership of the causes of action as the bank's receiver under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(2)(A)(i). Under that section, the FDIC-R succeeds to "all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution." The trustee, on the other hand, asserts that certain of his claims are by necessity direct claims because the directors and officers owed their duties directly to the holding company and because they owed the holding company the duty to manage the bank in the best interests of the holding company and its shareholders. The trustee has also asserted (in his response

to the motion to intervene, but not in his complaint) certain additional claims that he believes are direct claims of the holding company

The district court and Magistrate Judge Zwart have already discussed the applicable law and precedent regarding ownership of causes of action in their prior orders pertaining to the FDIC-R's complaint in intervention. Resolution of that dispute involves the application of state law and federal non-bankruptcy law. Bankruptcy law is not at issue. The allegations in the trustee's complaint and in the FDIC-R's complaint in intervention do not raise core bankruptcy issues other than the fact that the trustee is pursuing his claims on behalf of the bankruptcy estate of TierOne Holding Company.

Accordingly, since the FDIC-R has now received permission to proceed with its complaint in intervention, the pleadings do not raise any issues unique to bankruptcy law, and the U.S. District Court has subject matter jurisdiction to address all of the varied issues raised by the pleadings, I respectfully recommend to the United States District Court for the District of Nebraska that it withdraw the reference of this case for all further proceedings.[2]

IT IS ORDERED: The FDIC-R is retroactively granted leave to file its complaint in intervention.

FURTHER, I respectfully recommend to the United States District Court for the District of Nebraska that it withdraw the reference of this case for all further proceedings. The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED:  October 4, 2013

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

---

[2]To further support the recommendation that the district court is the appropriate forum for this case, I want to make the parties and the district court aware of a potential ground for my disqualification from this case as it moves forward. The law firm with which I was associated prior to joining the bankruptcy bench represented Commercial Federal Bank as its general counsel. In that capacity, I worked closely at times with the bank's president and chief operating officer, James Laphen, who is a defendant in the present litigation. While "[a] judge is not necessarily disqualified merely because a party to a case was a client of his when the judge was in practice, so long as the case is not connected with any matter in which the judge had acted as counsel," such a judge must also be cognizant of whether the circumstances would lead a reasonable person to question his impartiality. 13D Charles Alan Wright et al., *Federal Practice & Procedure* § 3544 (3d ed.); 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

Notice given by the Court to:
  Joel A. Bacon          Stephen C. Biggs
  Thomas P. McCarty      Richard R. Thomas
  J. Kevin McCall        James L. Thompson
  Gregory C. Scaglione   Thomas J. Kenny
  David A. Yudelson      Kathryn E. Jones
  Edward G. Warin        George B. Curtis
  Robert M. Gonderinger  David J. Skalka
  Monica K. Loseman      Elizabeth A. Sevcik
  *Robert R. Bell        *Richard Biggs
  *Mark F. Enenbach      *James J. Frost
  *David Mullin       *James J. Niemeier
  Minja Herian            U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.