IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICK D. LANGE, as Chapter 7 Trustee of the Bankruptcy Estate of TierOne Corporation, | ) ) ) ) | 4:12CV3148 |
| Plaintiff, | ) ) | ORDER BARRING CERTAIN |
| v. | ) ) | CREDITOR CLAIMS |
| KPMG LLP, et al., | ) ) | |
| Defendants. | ) ) | |

    This cause came before the Court on the Stipulated Motion of the Trustee and KPMG LLP ("Defendant") to enter an order barring claims as contemplated by the Settlement Agreement entered into by and between the Trustee and KPMG LLP resolving certain disputes that have arisen in this case, which Settlement Agreement was approved by the Bankruptcy Court via an order entered on March 2, 2015 (BK Doc. 660). Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion and/or Settlement Agreement, unless the context requires otherwise.

    Based on the moving documents and the record in this case, and the Court having reviewed the Settlement Agreement and being fully advised in the premises, therefore,

    THE COURT HEREBY FINDS AND DETERMINES THAT:

    A. The Court has jurisdiction to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157(c) and 1334. The statutory or other predicates for the relief granted herein include Nebraska Revised Statute 25-21,185.11, 11 U.S.C. § 105(a), and Federal Rule of Civil Procedure 16(c)(2)(I). This is a non-core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409.

B. The form and means of the notice of the Motion has been: (1) proper, timely, adequate, and sufficient; (2) good and sufficient and appropriate under the circumstances of the Debtors' cases; and (3) reasonably calculated to reach and apprise all persons whose interests would or could be affected by this Order. No other or further notice of the Motion shall be required.

C. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities in these cases.

D. Entry of this Order is appropriate in order to achieve the finality and repose that is contemplated as a term of the proposed settlement. The Trustee has shown that good cause exists for the entry of this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion (Filing No. 120) is GRANTED.

2. Any objection to the Motion is DENIED in its entirety.

3. The Trustee's request for entry of an order barring certain claims is GRANTED.

4. This Order shall enjoin, bar and restrain the filing, commencing, conducting, prosecution, assertion or continuing of any suit, action or other proceeding, whether in this Court, in any federal or state court, or in any court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere, of: (i) any and all Claims against any BANKRUPTCY RELEASEES by any and all BANKRUPTCY RELEASORS which directly or indirectly arise from or relate to all claims that could

be asserted by the Trustee (including any claims that may have been assigned, transferred, pledged, hypothecated, or subrogated to the Debtor or the bankruptcy estate of the Debtor); (ii) any derivative claims against any BANKRUPTCY RELEASEE and any claims against any BANKRUPTCY RELEASEE by any person or entity that claims by, through, under, or on behalf of any of the Debtor's bankruptcy estate and its respective successors and assigns which directly or indirectly arise from or relate to all claims that could be asserted by the Trustee (including any claims that may have been assigned, transferred, pledged, hypothecated, or subrogated to the Debtor or the bankruptcy estate of the Debtor); and (iii) any contribution claim, indemnification claim, claim asserting a theory of joint and several liability, or similar claim that has been or may be brought by any person or entity, whether or not asserted as a third-party claim, against any BANKRUPTCY RELEASEE by any party sued by the Trustee arising out of the Trustee Suit and based on the alleged misconduct of the BANKRUPTCY RELEASEES, or against whom the Trustee made or makes a claim (individually and collectively, the "BARRED CLAIMS" and any such person or entity asserting a BARRED CLAIM, including any BANKRUPTCY RELEASOR, referred to herein as "BARRED PERSONS" and each a "BARRED PERSON"). In the event that any BARRED PERSON asserts a BARRED CLAIM, the BANKRUPTCY RELEASEES and/or the Trustee may provide notice of this Order to the court or tribunal hearing any such BARRED CLAIM. The Trustee and the BANKRUPTCY RELEASEES are authorized, without further order of this Court, to intervene in and participate in any such proceedings, assert the provisions of this Order and take all actions necessary and appropriate to the enforcement of this Order.

      5. This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

      DATED this 30th day of March, 2015.

      BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge